ROWLEY v. PARSONS et al.

(Supreme Court, Appellate Division, Fourth Department. November 28, 1899.)

1. MORTGAGES—FORECLOSURE—EVIDENCE.
> Where, in an action to foreclose a mortgage, defendant claimed overpayments, it was not error to exclude a question asking defendant when he discovered that he had made overpayments on the mortgage, since such question asked for a conclusion on an important issue.

2. WITNESS—TRANSACTION WITH DECEDENT.
> In an action by an administrator of the holder to foreclose a mortgage, refusal to allow defendant to answer a question as to when he first discovered that a certain payment should have been, but was not, indorsed, to reduce the mortgage in suit, was proper, where it involved a transaction with a deceased person, though portions of the question, standing alone, might have been admissible.

Appeal from judgment on report of referee.

Action by Ursley Rowley, as administratrix, etc., against Stephen M. Parsons, impleaded, etc. From a judgment rendered on a referee's report in favor of plaintiff, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

E. C. Wright, for appellant.
O. M. Reilly, for respondent.

HARDIN, P. J. Plaintiff, having placed in evidence bonds and mortgages, and the evidence of legal title to the same, made a prima facie case for recovery. Defendant alleges an excessive overpayment under a mistake of fact, and claims to be allowed for such alleged mistake and alleged overpayment. To support the contention of the plaintiff, of the amount due upon the mortgages, the witness Reilly was called, who testified that in 1890 the defendant Parsons, and the then owner of the mortgages, Lucretia Rowley, met in his office, and entered into a computation of the amount·

due upon the several mortgages, and agreed upon the balance which was struck, and evidenced that agreement by a written instrument executed by the defendant Samuel Parsons. The evidence of Reilly as to the circumstances of the computation,—ascertainment of the amount due,—anteceding the execution of the written admission thereof by Parsons, is in no manner contradicted by any evidence found in the case. After the execution of the instrument admitting the amount due in 1890, to wit, $3,379.37, the defendant Parsons made several payments of interest, and subsequently made admissions indicating that there was that sum in arrear upon the mortgages. The evidence so strongly supports the contention of the plaintiff, that we do not feel at liberty to interfere with the finding in that regard made by the referee. Roosa v. Smith, 17 Hun, 138.

2. The defendant claims there was error in disallowing questions propounded to the defendant Parsons.

(a) Appellant claimed that there was an error in excluding the following question put to the defendant Parsons, to wit: "Q. When did you discover that you had been paying on these mortgages under this erroneous impression, and that you had been paying money that you ought not to pay?" To that question the following objections were made: "Improper; incompetent; assumed facts not proven." The objections were sustained, and an exception taken. If the referee had received the evidence called for by the question, the witness would have been enabled to state (1) that he had discovered that he had been paying on mortgages under an erroneous impression, and (2) that there was in fact a mistake; and he therefore would have been permitted to testify to a conclusion upon the important issue that was before the referee for determination. The ruling made by the learned referee was not erroneous.

(b) The witness Parsons was asked the following question: "Q. When did you first discover that the $1,443 mortgage given by your son George Parsons to you, and assigned by you to Mr. Rowley, should have been, but was not, indorsed as a payment to reduce the amount of the two mortgages in this suit?" To that question the plaintiff interposed the following objections: "Improper; incompetent; inadmissible under section 829 of the Code of Civil Procedure." The referee sustained the objections, and the defendant took an exception. Had the referee allowed the question to have been answered, the witness would have been enabled to state that there was a mistake, and to speak of a transaction held with a deceased party. We must look at the question as it was propounded; and as the question as a whole was not competent, although some portions of it, if standing alone, might have been allowable, we are not at liberty to say that the ruling made by the referee against the question, in whole as it was propounded, is erroneous. If one mortgage was collateral to the other, the defendant was unfortunate in not discovering such to be the fact at an earlier date; he was unfortunate in making admissions that he was indebted on both mortgages to the holder of them; he was

unfortunate in making declarations of the extent of his indebtedness; and, by the death of the holder of the mortgages, he is unfortunate in not being able to testify to a transaction had with a deceased party, and give his explanation of it. Considering all the evidence found in the appeal book, we do not feel at liberty to interfere with the findings made by the referee. Having discovered no reversible error in the course of the trial before him, we are led to the conclusion that his report should be sustained.

Judgment affirmed, with costs. All concur.